IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **FIDELITY NATIONAL TITLE INSURANCE COMPANY,** | ) ) ) | |
| **Plaintiff,** | ) ) | **7:06CV5022** |
| v. | ) ) | |
| **PLATTE VALLEY ABSTRACT & TITLE CO., PLATTE VALLEY ESCROW CLOSING CO. and JOYCE A. LOW,** | ) ) ) ) ) | **ORDER** |
| **Defendants.** | ) ) ) | |

    This matter is before the court on the plaintiff's response (Filing No. 9) and affidavit (Filing No. 10) to the court's December 5, 2006 show cause order (Filing No. 8).

    The record reveals the complaint was filed on October 17, 2006, and service of the summons was executed on Platte Valley Abstract & Title Co. and Platte Valley Escrow Closing Co. on October 23, 2006.  **See** Filing Nos. 1, 5 & 6.  The record also shows Joyce A. Low was served on October 31, 2006.  **See** Filing No. 7.  On December 5, 2006, the court ordered the plaintiff to show cause why this case should not be dismissed for failure to prosecute the defendants pursuant to NECivR 41.1.  **See** Filing No. 8.  NECivR 41.1 states, in pertinent part:  "The court may at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence."

    The plaintiff requests ninety days from December 20, 2006, to complete its investigation as to the losses sustained by the plaintiff in order to file a motion for default judgment.  **See** Filing No. 9.  Counsel for the plaintiff states he has over thirty boxes full of files removed for the defendants' place of business.  **See** Filing No. 10, ¶ 2.  The plaintiff's employees are auditing the documents to determine the plaintiff's monetary losses.  **Id.** ¶ 3. The plaintiff's counsel states "when all loses are determined, Affiant will file a motion for Default Judgment or Summary Judgment outlining with some specificity the actual monetary losses sustained by Plaintiff."

The court finds the plaintiff has shown good cause for the delay in seeking default judgment against the defendants.  However, the plaintiff fails to show why the plaintiff cannot file a motion for the Clerk's entry of default against the defendants pursuant to Fed. R. Civ. P. 55 and NECivR 55.1(a).  Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion for Extension of Time (Filing No. 9) is granted, in part and denied, in part as set forth below.

1.	The plaintiff shall have to **on or before January 19, 2007**, to file a motion for Clerk's entry of default pursuant to Fed. R. Civ. P. 55 and NECivR 55.1(a), if appropriate.

2.	If a motion for the Clerk's entry of default is granted, the plaintiff shall have to **on or before March 20, 2007**, to file a motion for default judgment.

DATED this 18th day of December, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge