## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **FIDELITY NATIONAL TITLE INSURANCE COMPANY, A California Corporation,** | ) ) ) | **CASE NO. 7:06CV5022** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **v.** | ) | **AND ORDER** |
| | ) | |
| **PLATTE VALLEY ABSTRACT & TITLE CO., A Nebraska Corporation, PLATTE VALLEY ESCROW CLOSING CO., A Nebraska Corporation, and JOYCE A. LOW, an Individual,** | ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Motion for Summary Judgment filed by Plaintiff Fidelity National Title Insurance Company (hereafter "Fidelity") (Filing No. 16). The motion is supported by an index of evidence and brief. The Defendants, Platte Valley Abstract & Title Company, Platte Valley Escrow Closing Company, and Joyce A. Low, have not responded to the Complaint or the motion for summary judgment. On January 9, 2007, the Clerk recorded an Entry of Default as to all the Defendants. (Filing No. 14).

Fidelity filed its Complaint on October 17, 2006. (Filing No. 1). The summonses were issued on the same date, (Filing No. 3) and returns for all Defendants were filed on November 15, 2006. (Filings Nos. 5, 6, 7). An entry of default was entered by the Clerk of the Court on January 9, 2007 as to Defendants Platte Valley Abstract & Title Co., Platte Valley Escrow Closing Co., and Joyce A. Low. (Filing No. 14). Fidelity filed a motion for summary judgment on all claims against the Defendants, which is supported by an index of evidence and the Affidavits of R.K. O'Donnell (Filing Nos. 23-25).

**JURISDICTION**

The Court concludes that it has jurisdiction of the subject matter of the Complaint pursuant to 28 U.S.C. §1332(a)(1).  Fidelity is a California corporation with its principal place of business in Santa Barbara, California.  Fidelity is an interstate title insurance provider and underwriter that provides title and title-related services. It is authorized to do business in the state of Nebraska.  The Defendants are citizens of Nebraska.  Platte Valley Abstract & Title Co. is a title insurance agency licensed to conduct business in Nebraska with a registered business address with the Nebraska Department of Insurance of 1919 First Avenue, POB 851, Scottsbluff, NE 69363-0851, and Platte Valley Escrow Closing Co. is a title insurance agency licensed to conduct business in Nebraska with a registered business address with the Nebraska Department of Insurance in Scottsbluff, Nebraska. (Complaint ¶¶ 3 and 4).  Defendant Joyce A. Low is an insurance producer licensed in Nebraska, and she is the designated agent and president of Platte Valley Abstract & Title Co. and Platte Valley Escrow Closing Co. with a registered business address with the Nebraska Department of Insurance in Scottsbluff, Nebraska.  (Complaint ¶ 5; Filing No. 23 at Ex. 1).

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);  *Cordry v. Vanderbilt Mortg. & Fin., Inc.*, 445 F.3d 1106, 1109 (8th Cir. 2006) (quoting *Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 531 (8th Cir. 2005)).  The moving party relies on "the pleadings, depositions, answers to

2

interrogatories, and admissions on file, together with the affidavits, if any," to show that there is no genuine issue as to any material fact. *P & O Nedlloyd, Ltd. v. Sanderson Farms, Inc.*, 462 F.3d 1015, 1018 (8th Cir. 2006) quoting Fed.R.Civ.P. 56(c). In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## ANALYSIS

To demonstrate that it is entitled to summary judgment as a matter of law, Fidelity relies primarily upon the uncontested allegations of the Complaint, the matters that are deemed admitted pursuant to Federal Rule of Civil Procedure 36(a),[1] the Affidavit of Stephanie Lackey, Assistant Vice President, Claims Counsel for Fidelity (Filing No. 18 and duplicated at Filing No. 20) and Affidavits of its attorney R.K. O'Donnell (Filing Nos. 19, 23-25), and the Findings of Fact, Conclusions of Law and Order from the State of Nebraska's Department of Insurance (Filing No. 24). Because the Defendants have not answered and have not offered any opposition to the motion, the Court makes the following findings based on the record.

---

[1] Fidelity has offered in support of its motion for summary judgment the Requests for Admissions that were served and filed upon the Defendant on February 15, 2007. These requests were not objected to or responded during the more than 30 days prior to the filing of the motion for summary judgment. (Filing No. 18, Affidavit of R.K. O'Donnell). The docket sheet shows that Defendants have made no response via any filing through the date of this order. Thus, pursuant to Fed. R. Civ. P. 36(a), the matters are deemed admitted.

3

On or about August 20, 2001, Fidelity and the Defendants, Platte Valley Abstract & Title Co. and Platte Valley Escrow Closing Co., executed an Issuing Agency Agreement pursuant to which the Defendants would provide services as non-exclusive title insurance policy issuing agents, and Fidelity would act as the underwriter.  (Filing No. 1, hereafter "Complaint" at  ¶ 6 and Exhibit A).  Sometime in 2003, Karen Hahn sold Platte Valley Abstract & Title Co. and Platte Valley Escrow Closing Co. to Joyce A. Low.   (Complaint ¶8).  In June 2005, in response to an administrative action, Platte Valley Abstract & Title Co. and Platte Valley Escrow Closing Co. and Low entered into a consent agreement with the Nebraska Department of Insurance.   In the consent agreement, the Defendants stipulated that they had violated Nebraska law by failing properly to disburse escrow funds, and, in one instance, not having sufficient funds in the escrow account for a disbursement check to clear. (Complaint ¶9).  The Defendants entered into a second consent agreement with the Nebraska Department of Insurance, in response to a second  administrative action, based on the Defendants' failure to respond to the Department's Market Conduct Division.

Fidelity conducted an audit of its accounts with the Defendants in September 2006, covering escrow account activity from January 1, 2006, through August 31, 2006. The preliminary audit report revealed a shortage of funds in excess of $400,000.  (Complaint ¶10).   Based on irregularities revealed by the audit, Fidelity cancelled its agency relationship with Platte Valley Abstract & Title Co. and Platte Valley Escrow Closing Co. and Lowe. The cancellation notice  was effective on September 25, 2006.  (Complaint ¶11, Exhibit B).

On or about September 28, 2006, the Nebraska Department of Insurance issued a Cease and Desist Summary Order to Platte Valley Abstract & Title Co. and Joyce A. Low, ordering that they "immediately cease and desist from performing any acts relating to the business of insurance, including but not limited to: any and all acts in conjunction with the issuance of a title insurance commitment or title insurance policy; collecting and/or disbursing premiums, escrow, security deposits or other funds; handling escrows, settlements or closings; or seeking an agent appoint with a title insurer." (Complaint ¶13 and Exhibit C).  On or about October 6, 2006 the Nebraska Department of Insurance issued an additional Summary Order to Cease and Desist to the same effect that also covered Platte Valley Escrow Closing Company.  (Complaint ¶ 14 and Exhibit D).

Fidelity Assistant Vice President Stephanie Lackey states that pursuant to Fidelity's audit of the Platte Valley Abstract & Title Company and Platte Valley Escrow Closing Company,  Fidelity has learned that it has sustained losses due to the Defendants' breach of contract and conversion in the amount of $11,323.23 in lost premiums, and out-of-pocket losses of $306,855.35.  She states that Fidelity has also incurred additional expenses, including attorney's fees and costs, in the amount of $42,711.96, and anticipated future loss payments of $25,723.83.  (Filing No. 20).

Fidelity alleges three claims for relief against the Defendants: breach of contract (Complaint ¶15, 16); breach of fiduciary duty (Complaint ¶17-20); and conversion (Complaint ¶21).  The Court briefly considers each claim in the following paragraphs.

The Nebraska Supreme Court has stated that

[T]he meaning of an unambiguous contract is a question of law. *Kropp v. Grand Island Pub. Sch. Dist. No. 2*, 246 Neb. 138, 517 N.W.2d 113 (1994). When a contract is unambiguous, the intentions of the parties must be

5

determined from the contract itself.  *Id.*; *Properties Inv. Group v. Applied Communications,* 242 Neb. 464, 495 N.W.2d 483 (1993).

*Ruble v. Reich*, 611 N.W.2d 844, 849-850 (Neb. 2000).  The rights and responsibilities of the parties are set forth in the contract at Exhibit A to the Complaint.  I conclude there is undisputed evidence that Fidelity contracted with Platte Valley Abstract & Title Company and Platte Valley Escrow Closing Company; that those Defendants have breached the contract with Fidelity; and that as a result of their breach, Fidelity has been damaged.

The Nebraska Supreme Court has stated that "professional misconduct or any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties is 'malpractice.' " *Olsen v. Richards,* 440 N.W.2d 463, 465 (Neb. 1989)(citing *Colton v. Dewey,* 321 N.W.2d 913, 917 (Neb. 1982).  Defendant Low is a licensed resident insurance producer and the designated agent for her co-Defendants.  As such, she has fiduciary duties to act responsibly with funds collected or received by her in that capacity.  *See* Neb. Rev. Stat. § 44-319 (2006). Fidelity alleges that Low and her co-Defendants breached their fiduciary duties to Fidelity by failing properly to maintain and administer funds received by them for the benefit of Fidelity.  The Court concludes that undisputed evidence establishes that Low breached her fiduciary duty to Fidelity, as a licensed resident insurance producer and president of the Platte Valley companies, causing damage to Fidelity.  Fidelity is entitled to summary judgment on this claim as to Low.

"Tortious conversion is any distinct act of dominion wrongfully asserted over another's property in denial of or inconsistent with that person's rights." *Baye v. Airlite Plastics Co.,* 618 N.W.2d 145, 152 (Neb. 2000).  Such dominion may deprive the owner of property permanently or for an indefinite period of time. *Farmland Serv. Coop., Inc. v.*

*Southern Hills Ranch*, 665 N.W.2d 641, 648 (Neb. 2003). I conclude that the undisputed evidence supports entry of summary judgment against the Defendants on the wrongful conversion claim.

The Court has reviewed the unchallenged Complaint, the matters deemed admitted pursuant to federal rule based on the Defendants' failure to respond to the Plaintiff's requests for admissions, the affidavits and attachments thereto, including the Finding of Fact, Conclusions of Law and Order from the Nebraska Department of Insurance hearing officer. Based on this evidence, the Court concludes that Fidelity has established its right to summary judgment on all claims, and that it is entitled to judgment as a matter of law. The Court concludes that the Plaintiff's motion for summary judgment should be granted on the breach of contract claims against the Platte Valley Abstract & Title Company and Platte Valley Escrow Closing Company, and the motion for summary judgment on the breach of fiduciary duty and conversion claims should be granted against all the Defendants.

In the alternative, the Plaintiff has demonstrated that it is entitled to judgment by default against the Defendants, pursuant to Fed. R. Civ. P. 55(b)(2) and NECivR 55(c), based upon the clerk's entry of default and the affidavit of R. K. O'Donnell. (Filing No. 26.) *See also Feeney v. AT & E, Inc.*, 472 F.3d 560, 562 (8th Cir. 2006) (characterizing the district court's grant of summary judgment as the functional equivalent of a default judgment, because it granted judgment without discussing the merits of the claim based solely on defendant's failure to reply.)

Based on the Lackey Affidavit, through the date of the March 19, 2007, Fidelity has demonstrated that is has sustained damages as a result of the Defendants' wrongful

7

actions.   Fidelity has paid out at least $306,855.35 to cover losses caused by the Defendants' escrow shortages.  In addition, Fidelity's customers  have paid premiums to the Defendants on behalf of Fidelity in the amount of $11,323.23, but none of those premium payments has been remitted to Fidelity.  Based on this evidence, the Court concludes that the undisputed evidence supports a finding that Fidelity has sustained damages in the amount of $318,178.58.

For all these reasons,

IT IS ORDERED:

1.     The Plaintiff's Motion for Summary Judgment (Filing No. 16) is granted in all respects; and

2.     A judgment shall be separately filed.

DATED this 18th day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge